AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
## Southern District of New York

| | |
|---|---|
| Kafele Walker <br> *Plaintiff* <br> v. <br> VLC Nolita LLC, VLC Union Square LLC, VLC Upper West LLC, VLC West Village LLC, Andres Mier Y Teran, Alfred Mier Y Teran, Carlos Mier Y Teran and Marco Shalma, in their offical and individual capacities, <br> *Defendant* | 12 CV 3940 <br> Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

**Andres Mier Y Teran
11 1st Street, Apt 412
New York, NY 10003**

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

**Douglas H. Wigdor
Thompson Wigdor LLP
85 Fifth Avenue
New York, NY 10003**

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK
CLERK OF COURT

Date: MAY 17 2012

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
**Southern District of New York**

| | |
|---|---|
| Kafele Walker <br> *Plaintiff* <br> v. <br> VLC Nolita LLC, VLC Union Square LLC, VLC Upper West LLC, VLC West Village LLC, Andres Mier Y Teran, Alfred Mier Y Teran, Carlos Mier Y Teran and Marco Shalma, in their offical and individual capacities, <br> *Defendant* | Civil Action No. 12 CV 3940 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

    Marco Shalma
    189 Columbus Avenue
    New York, NY 10023
    New York County

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

    Douglas H. Wigdor
    Thompson Wigdor LLP
    85 Fifth Avenue
    New York, NY 10003

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

*CLERK OF COURT*

Date: MAY 1 7 2012

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
### Southern District of New York

| | |
|---|---|
| Kafele Walker<br>*Plaintiff*<br>v.<br>VLC Nolita LLC, VLC Union Square LLC, VLC Upper West LLC,<br>VLC West Village LLC, Andres Mier Y Teran, Alfred Mier Y Teran,<br>Carlos Mier Y Teran and Marco Shalma, in their offical and individual capacities,<br>*Defendant* | Civil Action No. **12 CV 3940** |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

VLC West Village LLC
300 Bleecker Street
New York, NY 10014
New York County

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: 
Douglas H. Wigdor
Thompson Wigdor LLP
85 Fifth Avenue
New York, NY 10003

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK
*CLERK OF COURT*

Date: MAY 17 2012

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
### Southern District of New York

| | |
|---|---|
| Kafele Walker <br> *Plaintiff* <br> v. <br> VLC Nolita LLC, VLC Union Square LLC, VLC Upper West LLC, VLC West Village LLC, Andres Mier Y Teran, Alfred Mier Y Teran, Carlos Mier Y Teran and Marco Shalma, in their offical and individual capacities, <br> *Defendant* | Civil Action No. 12 CV 3940 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

    VLC Upper West LLC
    189 Columbus Avenue
    New York, NY 10023
    New York County

A lawsuit has been filed against you.

    Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
    Douglas H. Wigdor
    Thompson Wigdor LLP
    85 Fifth Avenue
    New York, NY 10003

    If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

CLERK OF COURT

Date: MAY 17 2012

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| Kafele Walker<br>*Plaintiff*<br>v.<br>VLC Nolita LLC, VLC Union Square LLC, VLC Upper West LLC,<br>VLC West Village LLC, Andres Mier Y Teran, Alfred Mier Y Teran,<br>Carlos Mier Y Teran and Marco Shalma, in their offical and individual capacities,<br>*Defendant* | 12 CV 3940<br><br>Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

    **VLC Union Square LLC**
    **114 University Place**
    **New York, NY 10003**
    **New York County**

A lawsuit has been filed against you.

    Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
    **Douglas H. Wigdor**
    **Thompson Wigdor LLP**
    **85 Fifth Avenue**
    **New York, NY 10003**

    If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

*CLERK OF COURT*

Date: MAY 17 2012

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
### Southern District of New York

| | |
|---|---|
| Kafele Walker <br> *Plaintiff* <br> v. <br> VLC Nolita LLC, VLC Union Square LLC, VLC Upper West LLC, <br> VLC West Village LLC, Andres Mier Y Teran, Alfred Mier Y Teran, <br> Carlos Mier Y Teran and Marco Shalma, in their offical and individual capacities, <br> *Defendant* | Civil Action No. 12 CV 3940 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

> VLC Nolita LLC
> 51 Spring Street
> New York, NY 10012
> New York County

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Douglas H. Wigdor
> Thompson Wigdor LLP
> 85 Fifth Avenue
> New York, NY 10003

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

CLERK OF COURT

Date: MAY 1 7 2012

_____
*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KAFELE WALKER,　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:　12 CV 3940
　　　　　　　　　　　Plaintiff,　　　　　　　　　　　:　Civil Action No.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　v.　　　　　　　　　　　　　　　　　　　　 :　**COMPLAINT**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
VLC NOLITA LLC, VLC UNION SQUARE LLC,　　:　**Jury Trial Demanded**
VLC UPPER WEST LLC, VLC WEST VILLAGE　　 :
LLC, ANDRES MIER Y TERAN, ALFRED MIER　　:
Y TERAN, CARLOS MIER Y TERAN and　　　　　 :
MARCO SHALMA, in their official and individual　:
capacities,　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Defendants.　　　　　　　　　　　:
------------------------------------------------------------x

Kafele Walker ("Plaintiff" or "Mr. Walker"), by and through his counsel, Thompson Wigdor LLP, as and for his Complaint in this action against Defendants VLC Nolita LLC, VLC Union Square LLC, VLC Upper West LLC, VLC West Village LLC, Andres Mier y Teran, Alfred Mier y Teran, Carlos Mier y Teran and Marco Shalma (collectively, "Defendants"), hereby alleges as follows:

### NATURE OF THE CLAIMS

1.　This is an action for declaratory, injunctive and equitable relief, as well as for monetary damages, to redress Defendants' unlawful employment practices towards Mr. Walker, including their: (a) unlawful retaliation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §215 and the New York Labor Law ("NYLL"), §215; and (b) unlawful race and/or color discrimination in violation of the New York City Human Rights Law ("NYCHRL"), N.Y. Admin. Code §8-107.

1

## JURISDICTION AND VENUE

2.     Pursuant to 28 U.S.C. §§1331 and 1343, the Court has subject matter jurisdiction over this action because this action involves federal questions regarding the deprivation of Mr. Walker's rights under the FLSA. Pursuant to 28 U.S.C. §1367(a), the Court has supplemental jurisdiction over Mr. Walker's related claims under the NYLL and the NYCHRL.

3.     Pursuant to 28 U.S.C. §1391(a), venue is proper in this district because a substantial part of the events or omissions giving rise to this action occurred in this district.

## PROCEDURAL REQUIREMENTS

4.     Pursuant to NYCHRL §8-502, Mr. Walker will serve a copy of this Complaint upon the New York City Commission on Human Rights and the New York City Law Department, Office of the Corporation Counsel, within ten days of its filing, thereby satisfying the notice requirements of that section.

5.     Pursuant to NYLL §215, Mr. Walker has already served an unfiled copy of this Complaint upon the New York Attorney General, and will serve a copy of a filed Complaint on the date it is filed, thereby satisfying the notice requirements of that section.

## PARTIES

6.     Plaintiff Kafele Walker, who is a Black African-American male, is a former employee of the Corporate Defendants and the Individual Owner Defendants identified below. He is a resident of Queens, New York. At all relevant times, Mr. Walker met the definition of "employee" and "person" under all applicable statutes.

7.     Defendants Andres Mier y Teran, Alfred Mier y Teran and Carlos Mier y Teran (collectively, the "Individual Owner Defendants") are brothers and members in Defendants VLC Nolita LLC, VLC Union Square LLC, VLC Upper West LLC, VLC West Village LLC

2

(collectively, the "Corporate Defendants"). Upon information and belief, Defendant Andres Mier y Teran is a resident of New York, New York. Upon information and belief, Defendants Alfred Mier y Teran and Carlos Mier y Teran are residents of Mexico City, Mexico. The Individual Owner Defendants control the operations of the Corporate Defendants and determine the policies and practices of the Corporate Defendants, including, but not limited to, termination and compensation decisions. At all relevant times, the Individual Owner Defendants met the definition of "employer" and "person" under all applicable statutes. At all relevant times, the Individual Owner Defendants aided, abetted, incited or compelled the unlawful discriminatory conduct alleged herein.

8. Defendant Marco Shalma ("Shalma"), the current General Manager of the Corporate Defendants, is a resident of Bronx, New York. At all relevant times, Shalma met the definition of "employer," "employee or agent thereof" and "person" under all applicable statutes. At all relevant times, Shalma aided, abetted, incited or compelled the unlawful discriminatory conduct alleged herein.

9. Defendant VLC Nolita LLC is a New York limited liability company with a principal place of business at 51 Spring Street, New York, New York.

10. Defendant VLC Union Square LLC is a New York limited liability company with a principal place of business at 114 University Place, New York, New York.

11. Defendant VLC Upper West LLC is a New York limited liability company with a principal place of business at 189 Columbus Avenue, New York, New York.

12. Defendant VLC West Village LLC is a New York limited liability company with a principal place of business at 300 Bleecker Street, New York, New York.

3

13. At all relevant times, the Corporate Defendants met the definition of "employer" within the meaning of all applicable statutes, and were an enterprise engaged in commerce, as defined by § 203(r) and (s) of the FLSA, with annual gross volume of sales made or business done in an amount not less than $500,000.

14. At all relevant times, the Corporate Defendants were run as a single business enterprise for the purpose of selling food, namely crepes, to the public, and jointly employed Plaintiff.

15. At all relevant times, the Individual Owner Defendants and the Corporate Defendants were joint employers of Plaintiff.

## FACTUAL ALLEGATIONS

16. The Individual Owner Defendants and the Corporate Defendants own and operate four restaurants in New York, New York, all named "Vive La Crepe," which primarily prepare and serve crepes to the public. The restaurants are located at: (a) 51 Spring Street; (b) 114 University Place; (c) 189 Columbus Avenue; and (d) 300 Bleecker Street.

17. The Corporate Defendants: (a) regularly share and/or interchange employees; (b) operate the same website (www.vivelacrepe.fr); (c) have the same menu and prices; (d) share one Facebook.com page; (e) share one Twitter.com handle/moniker; (f) utilize the same employment application form; (g) are all overseen by Shalma; (h) have the same logo; (i) do not autonomously schedule employees; and (j) compensate employees at the same hourly rate across all locations.

18. Mr. Walker was employed by the Individual Owner Defendants and the Corporate Defendants as a Crepe Maker in New York, New York, from approximately February 2012 to May 13, 2012.

19. The primary job duty of a Crepe Maker is to make crepes for the public. Crepe Makers, including Mr. Walker, are paid on an hourly basis.

20. Crepe Makers, including Mr. Walker, are not assigned to work exclusively at only one of the four restaurants. Rather, Crepe Makers are assigned to work at multiple "Vive La Crepe" locations.

21. During the course of each workweek, Defendants regularly schedule and/or knowingly permit Crepe Makers, including Mr. Walker, to work at the restaurants in excess of 40 hours per workweek. Crepe Makers regularly work approximately 45-65 hours per workweek at the restaurants.

22. However, the Individual Owner Defendants and the Corporate Defendants do not pay Crepe Makers, including Mr. Walker, overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek because, among other things, Defendants do not aggregate the total number of hours worked by Crepe Makers at all of their restaurant locations during each workweek for purposes of overtime compensation. In fact, Shalma admitted to Mr. Walker that the Individual Owner Defendants and the Corporate Defendants do not pay overtime.

23. The Individual Owner Defendants and the Corporate Defendants also do not pay Crepe Makers, including Mr. Walker, the prevailing minimum wage for all hours worked at all of their restaurant locations during each workweek. Rather, they only pay Crepe Makers the prevailing minimum wage for some of the hours they worked each workweek.

24. The Individual Owner Defendants and the Corporate Defendants also do not pay Crepe Makers, including Mr. Walker, their straight-time wages for all hours worked at all of

their restaurant locations during each workweek. Rather, they only pay Crepe Makers their straight-time wages for some of the hours they worked each workweek.

25. As a result of their unlawful pay practices, on Wednesday, May 9, 2012, Mr. Walker, on behalf of himself and on behalf of all other similarly-situated employees of the Individual Owner Defendants and the Corporate Defendants, filed a lawsuit (the "Action") against them in the United States District Court for the Southern District of New York alleging violations of the FLSA and the NYLL. The lawsuit is captioned *Kafele Walker, on behalf of himself and on behalf of all other similarly-situated persons v. VLC Nolita LLC, VLC Union Square LLC, VLC Upper West LLC, VLC West Village LLC, Andres Mier y Teran, Alfred Mier y Teran and Carlos Mier y Teran, in their official and individual capacities,* Civil Action No. 12-CV-3712. The Action is assigned to The Honorable Richard J. Sullivan.

26. On Saturday, May 12, 2012, Defendant Andres Mier y Teran was personally served at his home with a copy of the Summons and Complaint in the Action.

27. On Sunday, May 13, 2012, Mr. Walker, who was not scheduled to work that day, agreed to work a 12-hour shift for a coworker at the Vive La Crepe restaurant located at 300 Bleecker Street. His shift was scheduled to begin at or around 12:30 p.m.

28. When Mr. Walker arrived at the restaurant for the start of his shift, he was told that Shalma, who was at the Vive La Crepe restaurant located at 189 Columbus Avenue, wanted to see him. Mr. Walker then left to see Shalma.

29. After Mr. Walker arrived at the 189 Columbus Avenue location, Shalma met with him to discuss the Action. During their discussion, Shalma expressed his extreme displeasure with Mr. Walker's decision to file the Action and emphatically stated to Mr. Walker, in sum and substance, "How many times did you ask for extra hours? And I gave you the extra hours you

6

asked to work. And now, you're suing the company? I am the company." Shalma concluded their discussion by stating to Mr. Walker, in sum and substance, "How do you think this is going to play out for you? Good luck."

30.  Shalma then instructed Mr. Walker to return to the 300 Bleecker Street location for the remainder of his shift. Mr. Walker then left to return to 300 Bleecker Street.

31.  However, after working at 300 Bleecker Street location for a few hours, Mr. Walker was told that Shalma wanted to see him again at the 189 Columbus Avenue location. Mr. Walker then left to see Shalma.

32.  When Mr. Walker arrived at 189 Columbus Avenue location, he overheard an irate Shalma tell other employees that Shalma was, in sum and substance, "not going to let some fucking nigger come here and fuck my shit up." Shalma was undoubtedly referring to Mr. Walker, who is a Black African-American, and to the Action.

33.  He also overheard Shalma tell other employees, in sum and substance, "this is going to fuck things up with the Mexicans. Now I am going to have to hire Americans and pay them overtime. I am going to have to hire more people and give them shitty shifts." Shalma was indeed referring to the Action. Upon information and belief, Shalma was referring to the Mexican employees of the Individual Owner Defendants and the Corporate Defendants.

34.  This was not the first time Mr. Walker heard Shalma use the extremely disgusting word "nigger" in the workplace. In fact, Mr. Walker, on approximately three separate occasions, heard Shalma tell racially-charged "jokes" that involved using the word "nigger" in the presence of other Black and/or African-American employees.

35.  Upon information and belief, the Individual Owner Defendants and the Corporate Defendants only employ approximately five Black and/or African-American employees.

7

36.     After overhearing Shalma, Mr. Walker met with him. At the conclusion of their meeting, Shalma told Mr. Walker that his employment was terminated and that "we'll see you in court."

37.     Defendants terminated Mr. Walker's employment four days after he filed the Action and one day after the Summons and Complaint was personally served upon Andres Mier y Teran.

38.     The following day, Shalma called Mr. Walker on the telephone and told Mr. Walker, in sum and substance, that "I am going to fuck you up" and "I will see you in court."

## FIRST CLAIM FOR RELIEF
### (Retaliation in Violation of the Fair Labor Standards Act, 29 U.S.C. §215)

39.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 38 as though they were fully set forth herein.

40.     Defendants retaliated against Plaintiff in violation of the FLSA by terminating his employment because he filed the Action to redress, among other things, Defendants' unlawful employment practices under the FLSA.

41.     As a direct and proximate result of the unlawful retaliatory conduct in violation of the FLSA, Plaintiff has suffered and continues to suffer monetary and/or other economic harm for which he is entitled to an award of monetary damages and other relief.

42.     As a direct and proximate result of the unlawful discriminatory conduct in violation of the FLSA, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

43. The foregoing conduct of Defendants constitutes willful violations of the FLSA for which Plaintiff is entitled to an award of punitive and/or liquidated damages.

## SECOND CLAIM FOR RELIEF
### (Retaliation in Violation of New York Labor Law §215)

44. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 43 as though they were fully set forth herein.

45. Defendants retaliated against Plaintiff in violation of the NYLL by terminating his employment because he filed the Action to redress, among other things, Defendants' unlawful employment practices under the NYLL.

46. As a direct and proximate result of the unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered and continues to suffer monetary and/or other economic harm for which he is entitled to an award of monetary damages and other relief.

47. As a direct and proximate result of the unlawful discriminatory conduct in violation of the NYLL, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

48. The foregoing conduct of Defendants constitutes willful violations of the NYLL for which Plaintiff is entitled to an award of punitive and/or liquidated damages.

## THIRD CLAIM FOR RELIEF
### (Discrimination in Violation of the NYCHRL, N.Y. Admin. Code §8-101 *et seq.*)

49. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 48 as though they were fully set forth herein.

50. Defendants discriminated against Plaintiff because of his race and/or color in violation of the NYCHRL by terminating his employment.

51. As a direct and proximate result of the unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer monetary and/or other economic harm for which he is entitled to an award of monetary damages and other relief.

52. As a direct and proximate result of the unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

53. The foregoing conduct of Defendants constitutes a knowing, malicious, willful and wanton violation of the NYCHRL for which Plaintiff is entitled to an award of punitive damages.

## FOURTH CLAIM FOR RELIEF
(Aiding and Abetting Violations of the NYCHRL)

54. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 53 as though they were fully set forth herein.

55. The Individual Owner Defendants and Shalma knowingly and/or recklessly aided and abetted the unlawful race and/or color discrimination against Plaintiff in violation of the NYCHRL.

56. As a direct and proximate result of the unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer monetary and/or other economic harm for which he is entitled to an award of monetary damages and other relief.

57. As a direct and proximate result of the unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

58. The foregoing conduct of Individual Owners Defendants constitutes a knowing, malicious, willful and wanton violation of the NYCHRL for which Plaintiff is entitled to an award of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Declare that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States and the State and City of New York;

B. Enjoin Defendants from engaging in any further acts of illegal discrimination and retaliation;

C. Award Plaintiff monetary damages in an amount to be determined at trial, plus pre-judgment and post-judgment interest, to compensate him for all monetary and/or economic harm;

D. Award Plaintiff monetary damages in an amount to be determined at trial, plus pre-judgment and post-judgment interest, to compensate him for all non-monetary and/or compensatory harm;

E. Award Plaintiff monetary damages in an amount to be determined at trial, plus pre-judgment and post-judgment interest, to compensate him for all other monetary and/or non-monetary losses suffered;

F.  Award Plaintiff punitive and/or liquidated damages in an amount to be determined at trial;

G.  Award Plaintiff his reasonably attorneys' fees and expenses incurred in connection with prosecuting this action to the fullest extend permitted by law; and

H.  Award Plaintiff such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages.

Dated: May 17, 2012
New York, New York

Respectfully submitted,

THOMPSON WIGDOR LLP

By: _____
Douglas H. Wigdor
Shaffin A. Datoo
Tanvir H. Rahman

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
dwigdor@thompsonwigdor.com
sdatoo@thompsonwigdor.com
trahman@thompsonwigdor.com

Attorneys for Plaintiff