UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
Kafele Walker,                                          :
                      Plaintiff,     :
                                    :     12-CV-03940 (RJS)
                   v.                    :
                                    :
VLC Nolita LLC, VLC Union Square, LLC, VLC   :   ANSWER AND AFFIRMATIVE AND
Upper West LLC, VLC West Village LLC, Andres :   OTHER DEFENSES
Mier Y Teran, Alfred Mier Y Teran, Carlos Mier Y.:
Teran, and Marco Shalma, in their official and  :
individual capacities                           :
                            Defendants.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

      Defendants, VLC Nolita LLC, VLC Union Square, LLC, VLC Upper West LLC, VLC West Village LLC, Andres Mier Y Teran, Alfred Mier Y Teran, Carlos Mier Y Teran, and Marco Shalma (together, "Defendants"), by and through their attorneys, Seyfarth Shaw LLP, and for their answer and other defenses to Plaintiff's Complaint, state as follows:

## NATURE OF THE CLAIMS

      1.     Paragraph 1 of the Complaint contains a summary of this action, as to which no response is required, but to the extent a response is deemed required, it is denied. Defendants further deny that they acted unlawfully toward Plaintiff and deny that they are liable for the claims alleged.

## JURISDICTION AND VENUE

      2.     Defendants admit that this Court has original jurisdiction over Plaintiff's federal claims, and that it may elect in its discretion to exercise supplemental jurisdiction over Plaintiff's state law claims.

      3.     Defendants admit that venue is proper in this District and deny the remaining allegations in paragraph 3 of the Complaint.

## PROCEDURAL REQUIREMENTS

4. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 4 of the Complaint and, therefore, leave Plaintiff to his proof.

5. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 5 of the Complaint and, therefore, leave Plaintiff to his proof.

## PARTIES

6. Defendants admit that Plaintiff was an employee of Vive Le Crepe, deny knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff is "a Black African-American" and, therefore leave Plaintiff to his proof. Defendants deny the remaining allegations in paragraph 6 of the Complaint.

7. To the extent that the allegations in paragraph 7 of the Complaint call for legal conclusions, no response is required. Defendants admit that Andres Mier Y Teran, Alfred Mier Y Teran, and Carlos Mier Y Teran are brothers, deny that they are "members" of the Corporate Defendants, as that term is not defined, and deny the remaining allegations in paragraph 7 of the Complaint.

8. To the extent that the allegations in paragraph 8 of the Complaint call for legal conclusions, no response is required. Defendants admit that Marco Shalma is the current General Manager of the Corporate Defendants and deny the remaining allegations in paragraph 8 of the Complaint.

9. Defendants admit the allegations in paragraph 9 of the Complaint.

10. Defendants admit the allegations in paragraph 10 of the Complaint.

11. Defendants admit the allegations in paragraph 11 of the Complaint.

12. Defendants admit the allegations in paragraph 12 of the Complaint.

13. To the extent that the allegations in paragraph 13 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 3 of the Complaint.

14. To the extent that the allegations in paragraph 14 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 14 of the Complaint.

15. To the extent that the allegations in paragraph 15 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 15 of the Complaint.

## FACTUAL ALLEGATIONS

16. To the extent that the allegations in paragraph 16 of the Complaint call for legal conclusions, no response is required. Defendants admit that there are Vive Le Crepe restaurants at the addresses indicated in paragraph 16 of the Complaint, but deny that all of the Individual Owner Defendants and Corporate Defendants own and operate those restaurants.

17. Defendants admit the allegations in paragraph 17 of the Complaint, except deny that the Corporate Defendants "do not autonomously schedule employees," as that phrase is undefined, and further deny that employees are compensated at the same hourly rate "across all locations."

18. Defendants admit that Plaintiff was an employee of Vive Le Crepe for the time periods referenced in paragraph 18 of the Complaint and state that Plaintiff worked primarily at the 300 Bleecker Street and 189 Columbus Avenue locations.

19. Defendants admit the allegations in paragraph 19 of the Complaint.

20. Defendants admit that Plaintiff worked at more than one location from time to time.

21. Defendants deny the allegations in paragraph 21 of the Complaint.

22. Defendants deny the allegations in paragraph 22 of the Complaint.

23. Defendants deny the allegations in paragraph 23 of the Complaint.

24. Defendants deny the allegations in paragraph 24 of the Complaint.

25. To the extent that the allegations in paragraph 25 of the Complaint call for legal conclusions, no response is required. Defendants deny the remaining allegations in paragraph 25 of the Complaint, except admit that Plaintiff filed a lawsuit purporting to bring wage and hour claims on behalf of himself and others similarly situated for alleged Fair Labor Standards Act and New York Labor Law violations and that Plaintiff has accurately recited the caption of that case and that it is assigned to the Honorable Richard J. Sullivan.

26. Defendants admit that on or about May 12, 2012, Defendant Andres Mier Y Teran was personally served with the complaint discussed in paragraph 25 of the instant Complaint.

27. Defendants deny the allegations in paragraph 27 of the Complaint and state that Plaintiff switched shifts with another employee on May 23, 2012 prior to receiving management approval for doing so.

28. Defendants admit the allegations in paragraph 28 of the Complaint.

29. Defendants deny the allegations in paragraph 29 of the Complaint and state that Shalma discussed an unrelated issue with Plaintiff during their meeting at the 189 Columbus Avenue location.

30.     Defendants admit that Plaintiff was instructed to return to the Bleecker Street location after his meeting with Shalma.

31.     Defendants admit the allegations in paragraph 31 of the Complaint.

32.     Defendants deny the allegations in paragraph 32 of the Complaint.

33.     Defendants deny the allegations in paragraph 33 of the Complaint.

34.     Defendants deny the allegations in paragraph 34 of the Complaint.

35.     Defendants deny the allegations in paragraph 35 of the Complaint.

36.     Defendants admit that Plaintiff was terminated my Shalma, but deny the remaining allegations in paragraph 36 of the Complaint.

37.     Defendants admit that Plaintiff has accurately restated the timing of the events set forth in paragraph 37 of the Complaint.

38.     Defendants deny the allegations in paragraph 38 of the Complaint.

### FIRST CLAIM FOR RELIEF

39.     Defendants hereby incorporate their answers to paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40.     Defendants deny the allegations in paragraph 40 of the Complaint.

41.     Defendants deny the allegations in paragraph 41 of the Complaint.

42.     Defendants deny the allegations in paragraph 42 of the Complaint.

43.     Defendants deny the allegations in paragraph 43 of the Complaint.

### SECOND CLAIM FOR RELIEF

44.     Defendants hereby incorporate their answers to paragraphs 1 through 43 of the Complaint as if fully set forth herein.

45.     Defendants deny the allegations in paragraph 45 of the Complaint.

46. Defendants deny the allegations in paragraph 46 of the Complaint.

47. Defendants deny the allegations in paragraph 47 of the Complaint.

48. Defendants deny the allegations in paragraph 48 of the Complaint.

### THIRD CLAIM FOR RELIEF

49. Defendants hereby incorporate their answers to paragraphs 1 through 48 of the Complaint as if fully set forth herein.

50. Defendants deny the allegations in paragraph 50 of the Complaint.

51. Defendants deny the allegations in paragraph 51 of the Complaint.

52. Defendants deny the allegations in paragraph 52 of the Complaint.

53. Defendants deny the allegations in paragraph 53 of the Complaint.

### FOURTH CLAIM FOR RELIEF

54. Defendants hereby incorporate their answers to paragraphs 1 through 53 of the Complaint as if fully set forth herein.

55. Defendants deny the allegations in paragraph 55 of the Complaint.

56. Defendants deny the allegations in paragraph 56 of the Complaint.

57. Defendants deny the allegations in paragraph 57 of the Complaint.

58. Defendants deny the allegations in paragraph 58 of the Complaint.

### PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief requested in the WHEREFORE clause on pages 11 and 12 of the Complaint or to any other relief.

### JURY DEMAND

With respect to Plaintiff's Jury Demand, Defendants admit that he seeks a trial by jury and state that he is entitled to a trial by jury to the extent that the laws under which he seeks to

pursue his claims permit such trial by jury.

## GENERAL DENIAL

Defendants deny each and every allegation in the Complaint not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise bear.

## FIRST DEFENSE

Plaintiff fails to state a claim, in whole or in part, upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable limitations periods.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, after-acquired evidence, claim preclusion, issue preclusion and waiver.

## FOURTH DEFENSE

Defendants at all times, in all manners, acted in accordance with any and all duties and obligations under New York State and City law and their regulations and the FLSA and its regulations.

## FIFTH DEFENSE

Defendants state, in the alternative if necessary, that their actions with respect to Plaintiff were taken in good faith and without malice, willfulness or evil intent and with reasonable grounds to believe such conduct comported with New York State and City law and the FLSA.

### SIXTH DEFENSE

To the extent applicable, Defendants have established, implemented and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory and retaliatory practices in accordance with New York State and City law and the FLSA.

### SEVENTH DEFENSE

To the extent applicable to Plaintiff's discrimination claim, any individual who made an employment decision with respect to him did not have a record of discriminatory conduct.

### EIGHTH DEFENSE

Subject to proof through discovery, Plaintiff has failed in whole in part to mitigate his purported damages.

### NINTH DEFENSE

If Plaintiff was damaged, which Defendants deny, any damage was solely the proximate result of the acts or omissions of persons or entities other than the Defendants and at all times, these other persons or entities were acting without the consent, authorization, knowledge or ratification of Defendants with regard to any and all of the acts alleged in the Complaint.

### TENTH DEFENSE

Defendants allege that they presently have insufficient knowledge or information on which to form a belief whether they may have additional, yet unstated affirmative defenses. Defendants reserve the right to assert additional affirmative defenses in the event discovery or further investigation indicates that asserting additional affirmative defenses would be warranted.

**WHEREFORE**, Defendants request that the Court enter judgment dismissing the Complaint in its entirety and with prejudice; granting to Defendants their costs and attorneys' fees; and granting to Defendants such other relief as the Court may deem just and proper.

Dated: New York, New York
July 25, 2012

Respectfully submitted,

SEYFARTH SHAW LLP

By    s/
    Jeremi L. Chylinski

620 Eighth Avenue, 32nd Floor
New York, New York 10018-1405
(212) 218-5500

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

     I hereby certify that on July 25, 2012, I caused to be served a true and correct copy of the foregoing Answer And Affirmative And Other Defenses via ECF on the following counsel for Plaintiff:

> Shaffin A. Datoo
> Thompson Wigdor LLP
> 85 Fifth Avenue
> New York, NY 10003
> (212) 257-6800
> *Attorney for Plaintiffs*

                                                                                                           /s/
                                                                                  Jeremi L. Chylinski